Troy D. Monge, Esq.
Law Offices of Troy D. Monge, APC
2300 E. Katella Ave, Suite 325
ANAHEIM, CALIFORNIA 92806
TELEPHONE (714) 385-8100
FACSIMILE (714) 385-8123
troymonge@hotmail.com

Attorney Bar #217035
Attorneys for Derek Mohachy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MOHACHY,<br><br>Plaintiff,<br><br>v.<br><br>Gelson's Markets/New York Life Benefit Solutions Long-Term Disability Group Policy No: SGD-0610578; Life Insurance Company of North America,<br><br>Defendant. | No. 8:23-cv-02360<br><br>**COMPLAINT – BREACH OF CONTRACT AND CLAIM FOR BENEFITS UNDER ERISA PLAN PURSUANT TO 29 U.S.C. SECTIONS 101 ET SEQ.** |

DEREK MOHACHY alleges:

**FIRST CAUSE OF ACTION**

**Breach of Contract and Claim Under ERISA for Recovery of Benefits**

1. This action arises under an Employee benefit plan subject to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. (hereinafter referred to as "ERISA"). The jurisdiction to review the case is herein specifically conferred on this Court by 29 U.S.C. Section 1132(e)(1).

2. Plaintiff, DEREK MOHACHY was provided coverage by his employer, GELSON's MARKETS, for Long Term Disability benefits (hereinafter "LTD") under a group plan that constitutes an Employee Welfare Benefit Plan under ERISA. This employee Welfare Plan is believed to be named GELSON'S MARKETS/NEW YORK LIFE GROUP BENEFIT SOLUTIONS Long-Term Disability Plan Group Policy Number SGD-0610578 and is named as a defendant. This defendant is hereinafter referred to as "PLAN," "THE PLAN," or "LTD PLAN." Plaintiff, DEREK MOHACHY, (hereinafter "MOHACHY") sues the defendant PLAN under the authority of 29 U.S.C. Sections 1132(a)(1)(B) and (a)(3) for a determination regarding his entitlement to LTD benefits, including past due benefits, and to clarify his right to current and future benefits.

3. Defendant, NEW YORK LIFE INSURANCE COMPANY (hereinafter "NYL) acted as the Administrator in fact by making the relevant decisions regarding Plaintiff's claims. Defendant NYL is sued under the authority of 29 U.S.C. Section 1132 (a)(1)(B) and (a)(3). Furthermore, NYL is a profit-oriented insurance company with a monetary interest in denying MOHACHY's claim.

4. At all times herein mentioned, each defendant was the agent and employee of each of the remaining defendants, and was acting within the purpose and scope of that agency and employment, and each defendant ratified and approved the acts of said agent.

5. MOHACHY, who was born December 12, 1975, is a resident of the County of Orange, California, and was employed by GELSON's MARKETS when he ceased full-time work due to his impairments.

6. During the course of said employment and at the time he ceased active full-time employment, MOHACHY was covered by a LTD Plan, described above as the defendant PLAN. MOHACHY accepted his employer's offer to be covered under the PLAN. MOHACHY paid all or part of the premiums for such coverage.

MOHACHY has performed all of the obligations imposed upon him under the terms set forth in the PLAN.

7. MOHACHY applied for LTD benefits with NYL. Benefits were paid under the "own" occupation definition of disability. Benefits were later denied under the "any" occupation definition of disability. After several appeals and denials, NYL issued a final determination on June 21, 2023 denying benefits.

8. In denying benefits NYL acted on behalf of the co-defendant PLAN and breached the contractual agreement to pay LTD disability benefits to MOHACHY upon presentation of proof of his entitlement.

9. The decision to terminate his LTD benefits resulted in a breach of the contractual obligations owed to MOHACHY by Defendants under the provisions of the PLAN. MOHACHY has and will continue to sustain damages from the loss of these disability benefits from the date or termination and continuing.

10. MOHACHY exhausted his administrative remedies by submitting the required proof of disability under the provisions of the PLAN and by requesting that defendant NYL review its termination decision, reverse such termination and approve MOHACHY's claim for ongoing LTD benefits.

11. An actual controversy has arisen and now exists between MOHACHY and Defendants concerning MOHACHY's rights under the PLAN in the Defendants dispute MOHACHY's entitlement to LTD disability benefits from the date of termination and continuing.

12. MOHACHY desires a judicial determination finding him entitled to recover accrued LTD benefits and other benefits under the PLAN, and a declaration as to the LTD benefits due MOHACHY in the future. A judicial determination is necessary and appropriate at this time in order to ascertain MOHACHY's damages and his rights.

13. MOHACHY therefore requests this Court to review the administrative record and make a *de novo* decision as to the merits of his claim. The PLAN

should be found not to include unambiguous discretionary language, and therefore, a *de novo* standard of review is warranted.

14. Additionally, NYL, acting as a fiduciary and agent for the PLAN, failed to act in a fiduciary capacity and instead acted in its own profit-motivated, self-interest in denying continuation of MOHACHY's LTD benefits and committed procedural and substantive irregularities in reaching its denial decisions, thereby demonstrating bias against MOHACHY's claim. Because of this conflict of interest and NYL's conduct, the decision to deny benefits to MOHACHY should be scrutinized by this court under the *de novo* standard of review.

15. Plaintiff MOHACHY is also entitled to attorney fees under 29 U.S.C. Section 1132 (g) in the event he prevails on this claim.

**WHEREFORE**, Plaintiff, MOHACHY, prays judgment against all defendants, as follows:

1. Damages for loss of benefits under the disability insurance benefits contract also referred to as the PLAN in a sum to be established accordingly to proof;
2. Damages for loss of other employment-related benefits;
3. Prejudgment interest on all unpaid disability insurance benefits;
4. For a declaration by the Court of the rights and duties of the parties herein under the disability benefit provisions of the PLAN regarding past and future LTD benefits;
5. For reasonable attorney fees pursuant to 29 U.S.C. Section 1132(g);

///

///

///

///

///

6. For costs of suit incurred herein;
7. For such other relief as the Court deems just and proper.

Dated: December 13, 2023

LAW OFFICES OF
TROY D. MONGE

TROY D. MONGE
Attorney for Plaintiff